Anna Y. Park
Derek W. Li
Gregory L. McClinton
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
Clerk
District Court

MAR 27 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>99 CENTS SUPERMARKETS, INCORPORATED, d/b/a, 99 CENTS SUPERMART, INCORPORATED and 99 CENTS SUPERMARKETS, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV 08 - 0019<br><br>**COMPLAINT - CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION**<br>Sexual Harassment<br>Retaliation<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants 99 Cents Supermarket, Inc., dba, 99 Cents Supermart, Inc. and 99 Cents Supermarket, and Does 1 - 10 ("Defendants")

-1-

subjected Charging Party Luzviminda Francisco and other similarly situated individuals to sexual harassment on the basis of sex, female, resulting in a hostile work environment. The Commission also alleges that Defendants retaliated against Luzviminda Francisco for participating in the protected activities of complaining about, opposing or participating in the investigation of sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

## PARTIES

4. Plaintiff, United States Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendants have been continuously doing business in Saipan and in the jurisdiction of the United States District Court of the Northern Mariana Islands. At all relevant times, Defendants have continuously employed fifteen (15) or more persons.

6. At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

8. It is further alleged on information and belief that the named and unnamed Defendants in this complaint are alter egos, joint employers, and/or integrated enterprises of each other.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10. More than thirty days prior to the filing of this lawsuit, Luzviminda Francisco filed a charge with the Commission alleging that Defendants violated Title VII. The Commission investigated and issued a Letter of Determination. The Commission found that Defendants subjected Luzviminda Francisco and other

similarly situated employees to a hostile work environment on the basis of sex, female. The Commission also found that Defendants retaliated against Luzviminda Francisco for participating in a protected activity, complaining about, opposing or participating in the investigation of sexual harassment.

11. Since at least October 2004, Defendants have engaged in unlawful employment practices and in a pattern of such practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. § 2000e-2. Defendants subjected Luzviminda Francisco and other similarly situated employees to sexual harassment resulting in a sexually hostile work environment. The sexual harassment included, but was not limited to, sexually charged and/or suggestive speech and/or conduct such as unwelcome physical touching when the store manager repeatedly slapped female employees on their buttocks either with his hand or with a textile tube.

12. The effect of the practices complained as described above has been to deprive Luzviminda Francisco and other similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

13. Since at least November 2005, Defendants have engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)(1). When Luzviminda Francisco engaged in the protected activity of opposing or participating in the investigation of sexual harassment by complaining about the sexual harassment and/or Defendants' practices, policies, and procedures dealing with sexual harassment, Defendants retaliated against her. The retaliation included, but was not limited to, the failure to renew Luzviminda Francisco's employment contract and other adverse actions.

14. The effect of the practices complained about, as described above, has been to deprive Luzviminda Francisco of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activities under Title VII.

15. The unlawful employment practices described in paragraphs 10 through 14 above were intentional.

16. As a direct and proximate result of the acts of Defendants, as described above, Luzviminda Francisco and the similarly situated employees have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

17. As a direct and proximate result of Defendants' acts as described above, Luzviminda Francisco and the similarly situated employees suffered a loss of earnings in an amount to be proven at trial.

18. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Luzviminda Francisco and the similarly situated employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from engaging in any employment practices, including sexual harassment and a sexually hostile work environment, which discriminate on the basis of sex;

B. Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from retaliating against any employee who opposes discrimination or engages in any protected activity under Title VII;

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendants to make whole Luzviminda Francisco and the similarly situated employees by providing the appropriate back pay with

1  prejudgment interest, and front pay in amounts to be determined at trial, other past
2  and future pecuniary losses, and/or other affirmative relief necessary to eradicate
3  the effects of Defendants' unlawful employment practices;
4      E.    Order Defendants to make whole Luzviminda Francisco and the
5  similarly situated employees by providing compensation for past and future non-
6  pecuniary losses resulting from the unlawful practices complained as described
7  above, including, but not limited to pain and suffering, inconvenience, loss of
8  enjoyment of life, and humiliation, in amounts to be determined at trial;
9      F.    Order Defendants to pay Luzviminda Francisco and the similarly
10 situated employees punitive damages for its malicious and /or reckless conduct as
11 described above, in amounts to be determined at trial;
12     G.    Grant such further relief as the Court deems necessary and proper in
13 the public interest; and
14     H.    Award the Commission its costs of this action.
15 ///
16 ///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        RONALD S. COOPER
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. Equal Employment Opportunity Commission
        1801 L Street, N.W.
        Washington, DC 20507

Date: March 26, 2008        BY:

        ANNA Y. PARK
        Regional Attorney

        DEREK W. LI
        Supervisory Trial Attorney

        GREGORY L. McCLINTON
        Senior Trial Attorney

        U.S. Equal Employment Opportunity Commission
        Los Angeles District Office