1  Anna Y. Park, SBN 164242
   Gregory L. McClinton, SBN 153553
2  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
3  300 Ala Moana Boulevard, Suite 7-127
   Honolulu, Hawaii 96850
4  (808) 541-3122
   Fax (808) 541-3390
5  E-Mail: lado.legal@eeoc.gov

6  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

8
   Richard W. Pierce, Esquire
9  Richard W. Pierce, Law Office, LLC
   P.O. Box 503514
10 Saipan, MP 96950-3514
   (670) 235-3425
11 Fax (670) 235-3427

12 Attorneys for Defendant,
   99 Cents Supermarkets, Inc. et al.
13

14                    UNITED STATES DISTRICT COURT

15                              FOR THE

16          COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

17
   U.S. EQUAL EMPLOYMENT                    Case No.: CV-08-0019
18 OPPORTUNITY COMMISSION,

19            Plaintiff,
                                            [PROPOSED] CONSENT DECREE
20    v.

21 99 CENTS SUPERMARKETS,
   INCORPORATED, d/b/a, 99 CENTS
22 SUPERMART, INCORPORATED; 99
   CENTS SUPERMARKETS;
23 TOWNHOUSE, INC.; AND YUN'S           Hon. Alex R. Munson
   INCORPORATED,
24
            Defendants.
25

26                                   I

27                            INTRODUCTION

28    This is an action brought by Plaintiff U.S. Equal Employment Opportunity

                                      1

1 Commission ("Commission") against Defendants, 99 Cents Supermarkets.

2 Incorporated, d/b/a, 99 Cents Supermarket, Incorporated; 99 Cents Supermarkets; and

3 Yun's Incorporated ("Defendants") for alleged violations of Title VII of the Civil

4 Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The Commission

5 alleges that from November 2005, Charging Parties Luzviminda Francisco, Suzette

6 Divina Cruz, Sany Ann Gentile, Herly Negsekebi, Lean Armas, Rosalie Bastareche,

7 ("Charging Parties") and a class of similarly situated females were subjected to pattern

8 and practice of sexual harassment at Defendants' CNMI facilities.  More specifically,

9 the Commission alleges that Charging Parties and other similarly situated female

10 employees were subjected to a pattern and practice of sexual harassment and

11 pregnancy discrimination committed by Defendants.   The Commission further

12 alleges that as a result of the intolerable working conditions, Charging Parties and at

13 other similarly situated females were subjected to constructive discharge in violation

14 of Title VII when they were forced to resign. All Defendants denied the allegations

15 contained in Plaintiff's complaint and maintain that no harassment or discrimination

16 of any nature took place at Defendants place of business.  This agreement is a

17 compromise of a disputed claim and the payments made hereunder are not to be

18 construed as an admission of liability on the part of the Defendants.

19

20                                   II

                                   JURISDICTION

21        The Court has jurisdiction over the parties and the subject matter of this lawsuit.

22 pursuant to 28 U.S.C. Section 451, 1331, 1337, 1343, 1367 and 42 U.S.C. 2000e-5.

23 The Court shall retain jurisdiction of this action during the duration of the Decree for

24 the purposes of entering all orders, judgments and decrees which may be necessary to

25 implement the relief provided herein or to otherwise effectuate the purposes of the

26 Decree.

27 ///

28 ///

2

III

## PURPOSE OF THIS DECREE

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission and Defendants have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree"). The Parties have entered into this Decree for the following purposes:

To provide appropriate monetary and injunctive relief;

A.     To ensure that Defendants' employment practices comply with federal law;

B.     To ensure training for Defendants' owners, managers and employees with respect to their obligations under Title VII; and

C.     To provide an appropriate and effective mechanism for handling harassment complaints in the workplace;

D.     To ensure a work environment free from discrimination, hostility and retaliation;

E.     To ensure that complaints are handled properly; and

F.     Final Resolution of companion cases; (1) EEOC v. Yuns Corporation, CV 07-0031: and (2) Armas v. Yuns Corporation, et al., EEOC Charge Number 486-2006-00178.

IV

## FINDINGS

A.     The Court has jurisdiction over the Parties and the subject matter of this action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.     The Court shall retain jurisdiction during the terms of this decree to ensure compliance.

C.     The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just. The rights of the Defendants, the Commission and those for whom

3

1  the Commission seeks relief are protected adequately by this Decree.

2      D.     This Decree conforms to the Federal Rules of Civil Procedure and Title
3  VII and is not in derogation of the rights and privileges of any person. The entry of
4  this Decree will further the objectives of Title VII and will be in the best interest of
5  the Parties.

6                                    V

7                      RESOLUTION OF CLAIMS

8  The Parties agree that this Decree resolves all claims arising out of Commission
9  Charge Nos. 37B-2006-00098; 486-2006-00190; and 486-2006-00178 and the
10  complaint filed in these actions, and constitutes a complete resolution of all claims of
11  discrimination on the basis of sex, female, under Title VII that were made or could
12  have been made by the Commission in these actions. The Decree does not, however,
13  resolve any future charges or charges that may be pending with the Commission other
14  than the charges specifically referred to in this paragraph or those that may be released
15  by Eligible Claimants pursuant to this Decree. This provision has no impact on the
16  Commission and its ability investigate and proceed on future claims or any claims
17  currently being investigated, if any.

18                                   VI

19                 DURATION AND SCOPE OF DECREE

20      The duration of this Decree shall be three (3) years from the date of entry of the
21  Decree ("Effective Date"), provided that Defendants have substantially complied with
22  the terms of this Decree. Defendants shall be deemed to have substantially complied
23  if the Court has not made any findings or orders during the term of the Decree that the
24  Defendants (or any of them) has failed to comply with any terms of this Decree. In
25  the event that Defendants have not substantially complied, the duration of this Decree
26  may be extended by Court order in order to effectuate its purposes. The Decree shall
27  be deemed effective (the "Effective Date") as of the date upon which the Court
28  executes the Decree.

                                     4

1    The provisions of this Decree shall apply to all of Defendants' facilities located
2    in CNMI, during the duration of this Decree.

3                                        VII

4                            DECREE ENFORCEMENT

5    This Decree is and shall be binding on Defendants present and future owners,
6    officers, directors, agents, trustees, administrators, successors, assigns, representatives
7    and employees.

8    If the Commission has reason to believe that the Decree has been breached, the
9    Commission may bring an action before this Court to enforce the Decree. Prior to
10   initiating such action, the Commission shall notify Defendants and their legal counsel
11   of record in writing of the nature of the dispute. This notice shall specify the
12   particular provision(s) that the Commission believes has/have been breached. A thirty
13   (30) day dispute resolution period ("Dispute Resolution Period") will be provided
14   from the date of notice, prior to the institution of any legal proceeding, absent a
15   showing that the delay will cause irreparable harm or undue prejudice to the
16   Commission. The Parties agree to cooperate with each other and use their best efforts
17   to resolve any dispute referenced in the Commission notice of dispute during the
18   Dispute Resolution Period. As long as the Defendants are in compliance with the
19   injunctive relief herein and make all scheduled monetary payments, the Commission
20   agrees not to seek execution on this Consent Decree and further agrees to dismiss this
21   action with prejudice upon payment of all sums called for herein.

22   After the expiration of the Dispute Resolution Period, the Commission may
23   initiate an enforcement action in this Court, seeking all available relief, including an
24   extension of the duration of the Decree for such time as the Defendant(s) is/are shown
25   to be out of compliance, including attorney fees, costs, or any other relief the Court
26   deems appropriate.

27   The Commission may petition this Court for compliance with this Decree at any
28   time during which this Court maintains jurisdiction over this action. Should the Court

                                          5

1    determine that Defendants have not complied with this Decree, in whole or in part. it

2    may impose appropriate relief, including but not limited to the imposition of attorneys

3    fees and costs on the Defendants and extension of the duration of this Decree for such

4    a period as may be necessary to remedy the Defendants' non-compliance.

5                             VIII

6                  INJUNCTIVE RELIEF

7      A.    Non-Discrimination

8          1.    Harassment Based on Sex

9       Defendants, their officers, agents, management (including all supervisory

10   employees), successors, assigns, and all those in active concert or participation with

11   them, or any of them, hereby agree not to: (a) discriminate against persons on the

12   basis of sex in the terms and conditions of employment; (b) engage in or be a party to

13   any action, policy or practice that is intended or is known to them to have the effect of

14   harassing or intimidating any female employee on the basis of her sex; and (c) create,

15   facilitate or permit the existence of a work environment that is hostile to female

16   employees.

17          2.    Retaliation

18       Defendants, their officers, agents, management (including all supervisory

19   employees), successors, assigns, and all those in active concert or participation with

20   them, or any of them, hereby agree not to engage in, implement or permit any action,

21   policy or practice with the purpose of retaliating against any current or former

22   employee or applicant of Defendants, or either of them, because he or she has in the

23   past, or during the term of this Decree: (a) opposed any practice made unlawful under

24   Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or

25   participated in any manner in any investigation (including without limitation, any

26   internal investigation undertaken by Defendants), proceeding in connection with this

27   case and/or relating to any claim of a Title VII violation; (d) was identified as a

28   possible witness or claimant in this action; (e) asserted any rights under this Decree; or

1  (f) sought and/or received any relief in accordance with this Decree.

2        B.     Posting

3        The Notice of the terms of this Decree, attached hereto as Exhibit A. shall be

4  posted, and remain, in at least one (1) clearly visible locations frequented by

5  employees at all of Defendants facilities during the term of this Decree.

6        C.     Equal Employment Opportunity Consultant

7              Within sixty (60) days after the Effective Date, Defendants shall retain an

8  Equal Employment Opportunity Consultant ("Consultant") with demonstrated

9  experience in the area of employment discrimination and sexual harassment issues, to

10  monitor ' compliance with Title VII and the provisions of this Decree. The

11  Consultant shall be subject to the Commission's approval, which shall not be

12  unreasonably withheld.  Defendant shall propose a Consultant to the Commission.

13  Defendants will attempt to identify individuals located within Hawaii. Guam or the

14  Commonwealth of the Northern Mariana Islands as proposed consultants. If such

15  individuals are unavailable or if the Commission does not approve proposed

16  Consultant, the Commission shall provide with a list of at least three (3) suggested

17  candidates acceptable to the Commission. Defendant shall bear all costs associated

18  with the selection and retention of the Consultant and the performance of his/her/its

19  duties. The Consultant's monitoring responsibilities shall be for a period of eighteen

20  (18) months. The Consultant shall initially set up a program for compliance with the

21  Decree as follows:

22              1.     Establish with Defendants procedures to handle complaints of

23  discrimination, harassment and retaliation comply with its obligations under this

24  Decree;

25              2.     Establish with Defendants an anti-harassment policy and reporting

26  procedure effectively carry out its obligations under this Decree;

27              3.     Establish with Defendants an employee training program on their

28  rights and responsibilities under Title VII. including but not limited to Defendants'

7

1  responsibility to provide a workplace free of harassment and discrimination;

2      4.    Establish with Defendants a management-training program on
3  policies and procedures relating to sexual discrimination/harassment and retaliation:

4      5.    Establish with Defendants a procedure for the investigation of all
5  complaints of sexual discrimination/harassment and retaliation comply with Title VII;

6      6.    Establish with Defendants a procedure for ensuring that
7  defendants properly communicate with complainants regarding the complaint
8  procedure, status of the complaint investigation, results of the investigation, and any
9  appropriate remedial action taken;

10     7.    Establish with Defendants a procedure for accurately compiling
11 and timely submitting reports required by the decree;

12     8.    Establish with Defendants a procedure that holds employees and
13 managers accountable for engaging in conduct prohibited under this Decree; and

14     9.    Establish with Defendants a centralized system of tracking
15 discrimination, harassment, and retaliation complaints.

16     10.   Preparing a brief annual report on Defendants progress and its
17 compliance under this Decree.

18     D.    Policies Concerning Discrimination and Harassment

19     Defendants shall, within sixty (60) days after the Effective Date, provide a
20 copy to the Commission of a policy on discrimination and sexual harassment that
21 shall include:

22     1.    A clear explanation of prohibited conduct;

23     2.    Assurance that employees who, in good faith, make complaints of
24 harassment/discrimination or provide information related to such complaints will be
25 protected against retaliation;

26     3.    A clearly described complaint process that provides accessible and
27 confidential avenues of complaint with contact information including name (if
28 applicable), address, and telephone number of persons both internal (e.g., human

1  resources) and external to Defendants (i.e., EEOC) to whom employees may report
2  discrimination and retaliation, including a written statement that the employee may
3  report the discriminatory behavior to designated persons outside their chain of
4  management:

5      4.     Assurance that the employer will protect the confidentiality
6  of harassment/discrimination complaints to the extent possible;

7      5.     A complaint process that provides a prompt, thorough, and
8  impartial investigation;

9      6.     A procedure for communicating with the complainant in
10 writing regarding the status of the complaint/investigation, and results of the
11 investigation.

12     7.     Assurance that Defendants will take immediate and appropriate
13 corrective action when it determines that sexual harassment/discrimination and/or
14 retaliation has occurred; and

15     8.     Assurance that Defendants disciplinary policies hold employees
16 and managers accountable for failing to take appropriate action or for engaging in
17 conduct prohibited under this Decree;

18     9.     Defendants shall confirm distribution of the policy no later than
19 forty-five (45) days from the date the policy is provided to the EEOC. The policy
20 shall be distributed to all employees, including management/supervisory staff, and
21 shall be included in any relevant policy or employee manuals distributed to
22 employees covered by this Decree by Defendants. Defendants shall maintain
23 acknowledgments from each employee who receives the revised policy. Throughout
24 the term of this Decree, Defendants shall also post the revised policy, in a place that is
25 clearly visible to all employees in a legible font.

26     E.     Training

27     Within ninety (90) days after the Effective Date or sixty (60) days after hiring
28 the Consultant, whichever is later, all of Defendants employees shall be required to

9

attend a training program of at least two (2) hours. The training shall be mandatory and occur once every year for the term of this Decree. Any manager, supervisor, or employee who failed to attend such scheduled training shall be trained within (60) days of the training set forth above. The initial training shall have a live component Subsequent training may be conducted by videotaped presentation, video-conferencing and/or on-line or other computer training. The training shall include:

1.      All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination, harassment, retaliation, and Defendants policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2.      The training shall additionally include training for managers, and supervisors and human resources professionals on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

3.      For the remainder of the term of this Decree, all new employees shall receive training, as appropriate, within sixty (60) days of hire or promotion.

4.      After the initial training as specified above, all managerial and human resources employees shall receive the training at least annually thereafter for the remainder of the term of this Decree.

5.      All employees and managers required to attend such training shall verify their annual attendance in writing.

6.      Within sixty (60) days after the Effective Date or thirty (30) days after hiring the Consultant, whichever is later, Defendants shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. Defendants shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each training program provided pursuant to this Decree, and agree that an EEOC representative may attend

10

1  any such training program.

2    7.    Defendants' owner(s) shall appear in person at all of the training
3  sessions required under this Section in order to reiterate Defendants' sex, and/or
4  national origin harassment and discrimination policies, affirm that such harassment
5  shall not be tolerated, and to encourage employees who believe that they have been
6  victims of such harassment to utilize the complaint procedure established by
7  Defendants.

8    F.    Record-Keeping and Reporting Requirements

9      1.    Record-Keeping

10  Defendants shall maintain the following documents and will make them
11  available to the Commission within ten (10) business days following a written request
12  from the Commission to Defendants:

13      a.    All documents generated in connection with any complaint,
14  investigation into, or resolution of every discrimination or retaliation complaint for the
15  duration of the Decree;

16      b.    All forms acknowledging employees' receipt of Defendants
17  revised or modified anti-discrimination and retaliation policies;

18      c.    A list of all attendees to training sessions required under this
19  Decree;

20      d.    All documents generated in connection with the monitoring
21  and counseling of employees determined to have engaged in behavior in violation of
22  Defendants anti-discrimination and retaliation policies; and

23      e.    All documents generated in connection with confidential
24  inquiries into whether any complainant believes he/she has been retaliated against.

25    2.    Reporting

26      a.    Initial Reports

27        i.    Within sixty (60) days of the Effective Date of this
28  Decree, the Defendants shall submit to the Commission a report which contains:

11

1                   (a)    A statement confirming that the required Notice

2 of Terms of the Decree has been posted;

3                   (b)    The revised anti-discrimination and retaliation

4 policy;

5                   (c)    All employee acknowledgment forms

6 indicating receipt of the revised anti-discrimination and retaliation policy:

7             ii.    Confirmation of the establishment of a confidential

8 complaint mechanism to the consultant for receiving complaints against company

9 owner(s) or other high management officials;

10           iii.    Confirmation that the Claimant-Specific injunctive

11 relief has been carried out:

12           iv.    Copies of the all the consultant's investigative reports

13 and proposed resolutions in response to discrimination complaints against company

14 owner(s) or other high management officials; and

15           v.    Confirmation that Defendants complied with the

16 consultant's proposed resolutions of all discrimination complaints against company

17 owner(s) or other high management officials.

18         b.    Periodic Reports

19           i.    Thirty (30) days prior to any training required under

20 this Decree, the Defendants will mail by regular mail to the Commission:

21                   (a)    proposed anti-discrimination and non-

22 retaliation training material;

23                   (b)    The identity of the person(s) and/or

24 organization(s) conducting the training programs; and

25                   (c)    The dates, times and locations of each of the

26 training sessions.

27           ii.    Within one hundred twenty (120) days of the

28 Effective Date of the Decree, and every six (6) months thereafter for the duration of

1    the Decree, Defendants will provide the Commission a report containing the following
2    information:
3                                 (a)    The attendance lists of all attendees for all
4    training sessions required under this Decree that took place within the six (6) months
5    prior to the report;
6                                 (b)    Acknowledgment of receipt of the anti-
7    discrimination/retaliation policies for all employees hired within the preceding six (6)
8    months period;
9                                 (c)    Copies of all discrimination and retaliation
10   complaints, investigative reports and proposed resolutions made since the submission
11   of the immediately preceding report hereunder;
12                                (d)    A statement of the result of each investigation
13   into the complaint. If no result has been reached at the time of the report, the result
14   shall be included in the next report;
15                                (e)    The identities (by name, address and telephone
16   number) of the complainant and person who received the complaint; and
17                                (f)    Copies of the confidential inquiries into
18   potential retaliation issued within the six (6) months prior to the report.
19                  c.    Access
20           The Commission, upon reasonable notice, shall have the right to enter and
21   inspect Defendants premises to insure compliance with this Decree and the Title VII's
22   prohibitions against sexual harassment and retaliation.
23                                        IX
24                                      NOTICE
25           Any notices required under this Decree to the Commission shall be sent to the
26   Regional Attorney, United States Equal Employment Opportunity Commission. 255
27   East Temple Street, 4th Floor. Los Angeles, CA 90012.
28                                        X

13

## MONETARY RELIEF

A.  Named Claimants

1.  In settlement of all monetary claims of Luzviminda Francisco, Suzette Divina Cruz, Sany Ann Gentile, Herly Negsekebi, Lean Armas, Rosalie Bastareche (the "Class Members"), Defendants shall pay a total monetary amount of Eighty Thousand U.S. Dollars (\$80,000.00).  Allocation of settlement monetary amounts for each Class member shall be determined by the Commission.  Payments shall be sent by Defendants via certified mail to each Class Member.  Class members' current addresses shall be supplied by the Commission.  Within three (3) business days of the issuance, Defendants shall submit a copy of each check and related correspondence to the Regional Attorney, United States Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

2.  Defendants shall prepare and distribute 1099 tax reporting forms to each Class Member and if required by law, shall make appropriate reports to the, Internal Revenue Service and other tax authorities. For the purposes of this settlement payments shall be characterized as non-economic damages.

B.  Allocation of Amounts

Acting in its discretion and subject only to final approval by the Court, if the Court requires it, the Commission shall exclusively determine the eligibility of Claimants for relief under this Decree. In determining eligibility, the Commission shall consider the following factors: (a) severity of the harassment, (b) duration of the harassment, and (c) extent of harm suffered as a result, (e.g. whether the Claimant was subjected to physical touching of a sexual nature or to sexually charged comments).

Acting in its discretion and subject only to final approval by the Court regarding objections as provided below, the Commission shall determine the portion of the Settlement Fund that will be allocated to each of the Eligible Claimants. The amounts allocated to each Eligible Claimant shall reflect the factors enumerated above. This Decree contemplates that there will be significant differences in awards to Eligible

14

1  Claimants, but the maximum compensatory and/or punitive damage award for any
2  individual Eligible Claimant shall not exceed the gross monetary amount provided for
3  in 42 U.S.C. § 1981a (b) (3).
4         C.     Schedule of Payments
5         The Commission shall provide to Defendants a schedule of payments within 10
6  days of execution of this Decree pursuant to the terms and conditions of this Decree
7  subject only to final approval by the Court, if the Court requires it. In any event,
8  Defendants shall pay $30,000.00 in three (3) equal payments of $10,000 each
9  beginning within five (5) days of the Effective Date and every thirty (30) days
10  thereafter, and then $5,000.00 every 30 days thereafter (10 payments) until paid in
11  full.
12         D.     Personal Guarantee
13  Defendant Ho Yin Yoon shall personally guarantee the monetary settlement and shall
14  be jointly and severally liable for the full monetary obligation of this agreement.
15         E.     ACCELERATION IN THE EVENT OF DEFAULT
16         The Commission shall stay execution herein, unless and until Defendants
17  default in and to the terms and conditions of Paragraph XC, as defined herein, and in
18  the event of such a default, the Commission shall be entitled to accelerate the
19  remaining unpaid balance, declare all remaining amounts due, payable with an 10%
20  interest per annum, compounded and retroactive to the date of the effective date of
21  this Decree on the unpaid balance and proceed to enforce all rights and remedies
22  without further notice to any person or party, unless otherwise agreed herein. All
23  notices are waived, unless stipulated herein.
24         F.     TERMS AND CONDITIONS OF DEFAULT
25         In the event of default as defined herein, which constitutes non payment of any
26  installment when due or 30 days late, whichever is later, The Commission may
27  without further notice accelerate the entire unpaid balance, declare the total due and
28  payment, without the necessity of further court order, judgment or decree, and proceed

1  to exercise any and all rights and remedies to effectuate full collection of the
2  outstanding judgment herein. Defendants during the life of the payment program may
3  request a seven (7) day extension to cure default payments. Any request to cure must
4  be submitted the Commission within the 30 day grace period. Should the
5  Commission, at its sole discretion, grant Defendants' request to cure default.
6  Defendants shall be entitled to only 1 notice to cure for failure to pay any installment
7  after the expiration of the grace period for the duration of the payment program.
8  Defendants request to cure shall be in writing and then shall only be sent by fax and/or
9  overnight mail to the Commission.
10      A default is further defined as the sale, bulk sale, change of name and/or
11  ownership, closures outside the ordinary course of business, termination of the
12  business of Defendants herein, and/or the granting of any security interest by
13  Defendants to any of its officers, directors, attorneys, shareholders, or other insiders
14  (as defined under the United States Bankruptcy Code herein), and all forms of notice
15  under this type of default is waived. After default, Commission may proceed to
16  collect judgment without notice to Defendants.
17      G.      Waiver of Right to Bankruptcy Protections
18      Defendants agree that their obligations and liabilities under this agreement shall
19  not be dischargeable under the Bankruptcy Code, Title 11 of the U.S. Code enacted by
20  the Bankruptcy Reform Act of 2005. For Bankruptcy purposes only, it is agreed that
21  this debt is considered to have arisen from the "willful and malicious" injury by the
22  Defendants to the class members pursuant to 11 U.S.C. §523(a)(6).
23      H.      Allocation to Charitable, Non-Profit or Not-For-Profit Organization
24      In the event, the Commission after due diligence, is unable to locate any
25  identified class member, those funds allocated to that particular class member, will be
26  given to an organization addressing women's rights and/or employee's rights in the
27  NMI chosen by the Commission.
28  ///

XI

## MODIFICATION AND SEVERABILITY

This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot be achieved.

By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

17

XII

COSTS

Each party shall bear their own costs and attorneys' fees in this action. All costs associated with Defendants compliance with this Decree and the distribution of the settlement funds to class members shall be paid by Defendants, including without limitation, all costs related to the issuance and mailing of checks.

DATED: March   , 2009          Respectfully submitted,

                               U.S. EQUAL EMPLOYMENT
                               OPPORTUNITY COMMISSION
                               Anna Y. Park, Regional Attorney
                               Derek Li, Supervisory Trial Attorney
                               Gregory L. McClinton, Senior Trial Attorney
                               Elizabeth Esparza-Cervantes, Trial Attorney

                               By:
                                   Anna Y. Park
                                   Attorneys for Plaintiff,

DATED: March   , 2009          RICHARD W. PIERCE, LAW OFFICE, LLC
                               Richard W. Pierce, Esquire

                               By:
                                   Richard W. Pierce, Esquire
                                   Attorney for Defendants
                                   Yun's, Inc, 99 Cents Supermarkets, Inc.,
                                   Payless Inc. and Townhouse, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:                         By:
                                   Hon. Alex Munson
                                   District Court Judge

18

# EXHIBIT "A"

## EXHIBIT "A"
## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the Federal District Court for the Northern Marianas Islands in U.S. Equal Employment Opportunity Commission v. 99 Cents Supermarkets, Inc., Case No. CV -08-0019 and U.S. Equal Employment Opportunity Commission v. Yun's Corporation and Townhouse, Inc., Case No. CV -07-0031 ("Defendants"), settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Defendants illegally discriminated and sexually harassed a class of individuals because of their sex (Female) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants deny the allegations.

To resolve this lawsuit the parties have entered into a Consent Decree which requires Defendants to:

1)   Provide monetary relief to the individuals discriminated against;

2)   Not permit pregnancy discrimination in the future;

3)   Not permit sexual harassment in the future;

4)   Provide periodic reports to the EEOC any complaints of pregnancy discrimination and sexual harassment; and

5)   Provide training to all management/supervisory employees

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy, and age. If you believe you have been discriminated against, you may contact the EEOC at 300 Ala Moana Boulevard, Suite 7-127, Honolulu, Hawaii 96850, (800) 669-4000 and (808)541-3118. The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against you by any management official of 99 Cents Supermarkets, Yuns Corporation and Townhouse, Inc. for: (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation brought under Title VII. Should any such retaliatory actions be taken against you, you should contact the EEOC at the address listed above.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material.

Date. _____          _____

                                        U.S. District Judge

-1-